*Cherokee Nation, et al. v. Wade Free, et al.*

# EXHIBIT 15 TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHEROKEE NATION, et al. | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. |
| WADE FREE, et al. | ) ) ) |
| Defendants. | ) ) ) |

**DECLARATION OF MEREDITH TURPIN**

I, Meredith Turpin, declare as follows:

1. I am over eighteen years of age and an attorney licensed by the State of Oklahoma and the Chickasaw Nation. I am Senior Associate General Counsel of the Chickasaw Nation. I make this declaration based on my own personal knowledge.

2. Attached to this Declaration as Exhibit A is a true and correct copy of a document entitled "Governor J. Kevin Stitt's Notice of Appointment of Special Counsel Melissa Handke to Protect the Interests of the State and Prosecute Offenses Against the Law of the State," which was filed in the case *State v. Shepherd*, No. WL-2025-02, in the Oklahoma District Court in Murray County. I retrieved a copy of this document from the Clerk of Court in the Murray County Courthouse on November 12, 2025.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: November 13, 2025

*/s/ Meredith Turpin*
Meredith Turpin

1

4924-6732-4282, v. 3

**EX. 15**

FILED
MURRAY COUNTY, OKLAHOMA
NOV 0 7 2025
Jodi Jennings, Court Clerk
By _____ Deputy

IN THE DISTRICT COURT IN AND FOR MURRAY COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA )
)
v. ) Case No. WL-25-2
)
KODIE SHEPHERD )

### GOVERNOR J. KEVIN STITT'S NOTICE OF APPOINTMENT OF SPECIAL COUNSEL MELISSA HANDKE TO PROTECT THE INTERESTS OF THE STATE AND PROSECUTE OFFENSES AGAINST THE LAW OF THE STATE

Pursuant to 74 O.S. § 6 and OKLA. CONST. art. VI, §§ 2, 8, J. Kevin Stitt, in his official capacity as Governor of the State of Oklahoma, hereby provides notice of appointment of Melissa Handke as special counsel to protect the rights and interests of the State in the above-styled matter and to prosecute the Defendant, Kodie Joesph Shepherd, in the case from which this matter stems.

1. The State has charged the Defendant with hunting without a license, a misdemeanor under 29 O.S. § 4-112.

2. The offense occurred in the Chickasaw National Recreation Area, property which is subject to concurrent State jurisdiction and managed by the Oklahoma Department of Wildlife Conservation in cooperation with the National Park Services. *See, e.g.,* 16 U.S.C. § 460hh-2.

3. In *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022), the U.S. Supreme Court held that "the Constitution allows a State to exercise jurisdiction in Indian country[,]" and "as a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *See also* U.S. CONST. amend. X; *City of Tulsa v. O'Brien*, 2024 OK CR 31, ¶ 14, __ P.3d __ ("Indian reservations are no longer viewed as 'distinct nations' like in the past." (citation omitted)).

1

4. The U.S. Supreme Court in *Castro-Huerta* reaffirmed that "a State has jurisdiction to prosecute crimes committed in Indian country unless state jurisdiction is preempted." *Id.* at 655; *see also id.* at 638 ("The Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country.").

5. In short, "the default is that States may exercise criminal jurisdiction within their territory. . . . States do not need a permission slip from Congress to exercise their sovereign authority." *Id.* at 653.

6. Precedent in this State confirms that, as the default rule, the State retains valid concurrent criminal jurisdiction in Indian country to prosecute non-major offenses. *See, e.g., City of Tulsa v. O'Brien*, 2024 OK CR 31, ¶ 13, __ P.3d __; (holding that the City of Tulsa's State-derived "criminal jurisdiction to prosecute O'Brien for DUI, and the other related traffic offenses in this case, was not preempted under federal law or by principles of tribal self-government."); *see also Matter of Stroble*, 2025 OK 48, ¶ 11, __ P.3d __ ("To date, the United States Supreme Court has not extended its ruling in *McGirt* beyond the Major Crimes Act. . . . And it is not this Court's place to do so."); *State v. Sneed*, 1930 OK 248, ¶ 3, 287 P. 1021, 1022 ("It is a principle of general jurisprudence that courts of concurrent or co-ordinate jurisdiction will follow the deliberate decisions of each other, in order to prevent unseemly conflicts, and to preserve uniformity of decision and harmony of action.").

7. No federal law preempts the State's concurrent criminal jurisdiction to prosecute Indians who commit non-major crimes on state-owned or managed land.

8. Accordingly, the Murray County District Court has concurrent criminal jurisdiction to prosecute here.

EX. 15

9. Attorney General Gentner Drummond has indicated that "cases filed against members of Native American tribes for hunting on tribal land without a license will be taken over by the Attorney General's Office and promptly dismissed." OKLA. ATT'Y GEN., *Drummond to dismiss Native American hunting case* (Oct. 30, 2025), available at https://www.oklahoma.gov/oag/news/newsroom/2025/october/drummond-to-dismiss-native-american-hunting-case.html.

10. This filing and the appointment of special counsel by the Governor is therefore necessary to ensure that the State's interests are protected in this matter of first importance and that offenses against the laws of the State are fully prosecuted, in a timely manner.

11. Under the Oklahoma Constitution, the Governor is the "Chief Magistrate" vested with "[t]he Supreme Executive power" of the State. OKLA. CONST. art. VI, § 2.

12. The Governor also holds a constitutional duty to "cause the laws of the State to be faithfully executed . . . ." OKLA. CONST. art. VI, § 8.

13. As "special guardian of the state's rights," *State v. Huston*, 1908 OK 157, 97 P. 982, 984, and the official in whom the law vests "the supreme executive authority," *Ex parte Kelly*, 1915 OK 92, 146 P. 444, 446, the Governor is uniquely situated to advocate for and protect the State's interests, including through the "power to employ counsel to . . . prosecute offenses against the law of the state . . . ." 74 O.S. § 6; *see also* OKLA. CONST. art. VI, §§ 2, 8; *see also State v. Hudson*, 1929 OK CR 287, 279 P. 921, 922 ("The Governor is the highest executive authority of the state, and the Legislature by the section of the statute referred to has delegated to him the power specified in the statute as a means of carrying out his executive functions conferred by section 8, art. 6, of the Constitution.").

14. The Oklahoma Supreme Court recently confirmed that although the Attorney General possessed "seemingly broad statutory power . . . to direct and control litigation" under 74

3

EX. 15

O.S. § 18b(A)(3), that statute "does not operate to override the Governor's constitutional role as Chief Magistrate or his authority to bring suit." *Cherokee Nat. v. United States Dep't of the Interior*, 2025 OK 4, ¶ 30, 564 P.3d 58, 68.

15. The Oklahoma Supreme Court explained that "[a]lthough both the Governor and the Attorney General possess similar authority, the Governor is ultimately the leader of the executive branch. Under the hierarchy contemplated in the Oklahoma Constitution, the Governor has the right to represent the State's interests in the present case." *Id.*

16. Moreover, the Oklahoma Supreme Court declined to "read the Attorney General's statutory authority to extend so broadly" as to grant him "'complete dominion' over all litigation involving the State or state offices." *Id.* at ¶ 32.

17. Instead, "Oklahoma's statutory scheme clearly contemplates that many state entities, including the office of the Governor, will retain their own counsel and direct the strategy in such representation." *Id.*

18. Accordingly, "[t]he Governor may opt for the State's interests to be represented by counsel other than the Attorney General — this is necessarily implied from his express authority to retain his own counsel in the first place." *Id.* at ¶ 34.

19. In sum, "the Governor has both specific legislative authority to select his own counsel as well as superior constitutional power as Chief Magistrate." *Id.* at ¶ 36.

20. That power to employ counsel to protect the interests of the State extends to "any action or proceeding, civil **or criminal**," specifically allowing the Governor's counsel to "**prosecute offenses** against the law of the state . . . ." 74 O.S. § 6 (emphases added).

21. Plainly, "the powers of the Governor as Supreme Executive and Chief Magistrate . . . includ[e] the power to direct the prosecution of actions on behalf the State by legal officers of the State or other counsel . . . ." 1982 OK AG 84, ¶ 8.

4

22. As special guardian of the State and its interests, the Governor refuses to stand by, idling on the sidelines while offenses against the law of the state go unprosecuted because of the Attorney General's interference.

WHEREFORE, premises considered, J. Kevin Stitt, Governor of the State of Oklahoma, hereby provides notice of appointment of special counsel Melissa Handke to protect the interests of the State in this action and to prosecute the underlying offenses, and without regard to the legal position of the Attorney General.

Respectfully submitted,

*A. A. Weaver*

Audrey Weaver, OBA No. 33258
*Senior Litigation Counsel*
OFFICE OF GOVERNOR J. KEVIN STITT
2300 N. Lincoln Blvd., Ste. 212
Oklahoma City, OK 73105
(405) 521-2342
Audrey.Weaver@gov.ok.gov

*Counsel for the Honorable J. Kevin Stitt, Governor of the State of Oklahoma*

## CERTIFICATE OF MAILING

I hereby certify that on this 5th day of November 2025, a true and correct copy of the foregoing was mailed by regular U.S. mail to the following:

Melissa Handke, District Attorney  
1001 West Wyandotte Ave.  
Sulphur, OK 73086

Kodie Shepherd

_____  
A. A Weaver

EX. 15