IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CHEROKEE NATION, a federally recognized Indian Tribe, on its own behalf and as *parens patriae*, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  4:25-cv-00630-CVE-JFJ |
| WADE FREE, in his official capacity as Director, Oklahoma Department of Wildlife Conservation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO FILE UNREDACTED EXHIBITS UNDER SEAL AND FILE REDACTED DOCUMENTS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-2(b), Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Plaintiffs") submit this motion to file redacted documents and brief in support.  Plaintiffs have redacted parts of three exhibits to declarations that are attached to their Motion for Temporary Restraining Order ("TRO Motion"), and parts of two exhibits attached to their Complaint, in order to protect personal identifying information included in those exhibits.  Pursuant to Local Rule 5.2-2(b), Plaintiffs have filed the redacted exhibits with their TRO Motion and Complaint and have filed unredacted versions separately under seal.  Plaintiffs respectfully request the Court grant this motion to permit the redactions and to allow the unredacted versions to be filed under seal, for the following reasons.

**STANDARD OF REVIEW**

"It is beyond question that this [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

1

4926-5277-7082, v. 3

Under Federal Rule of Civil Procedure 5.2(a)(2), a party making a filing that includes an individual's birthdate must redact that information.  Additionally, "[f]or good cause, the court may by order in a case . . . require redaction of additional information."  Fed. R. Civ. P. 5.2(e)(1).  Such information may include personal identifying information like driver's license numbers, *id.* 2007 advisory comm. note.  When considering a motion to seal or redact documents, the court "weigh[s] the interest of the public" in accessing judicial records, "which are presumptively paramount, against those advanced by the parties," and the party seeking redaction must show "some significant interest that outweighs the presumption."  *Dillard*, 795 F.3d at 1205 (quoting *Crystal Grower's*, 616 F.2d at 461; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

## ARGUMENT

Attached to Plaintiffs' TRO Motion are Declarations of Shawn Robertson and Kodie Shepherd.  Mr. Robertson and Mr. Shepherd were cited by Oklahoma Department of Wildlife Conservation game wardens for allegedly violating state fish and game laws while hunting in Indian country in Oklahoma.  Attached as exhibits to each of their declarations are images of the citations that were issued to them in the field by state game wardens, which are not publicly available online.  The citations include sensitive personal information, including each of their birth dates, drivers' license numbers, the license plate numbers of the vehicles they were driving when cited, their personal addresses and phone numbers, and the names of one declarant's employer.  Additionally, attached to Plaintiffs' TRO Motion and the Complaint are judicial filings in *State v. Shepherd*, No. WL-2025-02 (Okla. Dist. Ct. dismissed Nov. 12, 2025), and *State v. Shepherd*, No. WL-2025-03 (Okla. Dist. Ct. filed Nov. 13, 2025), which are not readily available online, and which contain Mr. Shepherd's personal address and his month of birth.

Plaintiffs seek to redact this personal information from the exhibits, and to file under seal unredacted versions of these exhibits, in order to protect this personal information from public

4926-5277-7082, v. 3

access.  The public's interest in this information is slight.  The purpose of public access to judicial documents is to "preserve[] 'the integrity of the law enforcement and judicial processes' by allowing the public to see how courts make their decisions."  *McWilliams v. DiNapoli*, 40 F.4th 1118, 1130 (10th Cir. 2022) (quoting *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020)).  That purpose is not implicated by this redaction request, as the public can perfectly understand the issues before the Court without access to the declarants' personal information contained in these exhibits.  Indeed, this personal information is irrelevant to the factual and legal issues at issue in the case:  that Defendants seek to apply state law to Indians hunting, fishing, and gathering in Indian country and that this course of conduct is unlawful.  *Cf. United States v. Neel*, No. 21-CR-00362-GKF, 2022 WL 736100, at *2 (N.D. Okla. Mar. 10, 2022) (refusing to redact transcripts of closing arguments to remove victim's home address because it was the location of alleged crimes, it was government's burden to prove crimes took place in Indian country, and government had already revealed the address in prior filing).

In contrast, making this information publicly accessible in case filings would unnecessarily invade non-parties' privacy by making their personal identifying information readily available to the public.  "[T]he personal identifying information of third parties deserves protection."  *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 21, 2014).  This is exactly the type of information that the Federal Rules indicate should be protected from public access through an order sealing it from public access.  Fed. R. Civ. P. 5.2(a)(2); *id.* 2007 advisory comm. note; *see also Allgood v. Paperlesspay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (finding good cause to seal, *inter alia*, personal addresses, a license plate number, telephone numbers, and prior employment); *United*

3

*States v. Smith-Wilson*, No. 3:21-CR-149-RLJ-DCP, 2022 WL 2709255, at *1 n.2 (E.D. Tenn. June 24, 2022) (noting court had sealed affidavit containing phone and license plate numbers).

Moreover, Plaintiffs have narrowly redacted copies of the citations in unsealed documents, in order to "redact or seal only as much as necessary to protect legitimate interests." Local Rule 5.2-2(b). *See Thompson v. McDonough*, No. 23-cv-00499-GKF-SH, 2024 WL 4213601, at *2 (N.D. Okla. Sept. 17, 2024). These redactions satisfy the public's interest in judicial documents and the declarants' interest in privacy and control over personal identifying information. Allowing these redactions and the filing of unredacted versions under seal is appropriate. *See McWilliams*, 40 F.4th at 1133 (denying motion to seal documents in their entirety but noting that the movant could "make limited redactions" to prevent revealing "sensitive personal information—such as a home address, phone number, [or] date of birth").

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.


Dated:  November 18, 2025                    Respectfully submitted,

                                    By:    */s/ Michael Burrage*
                                           Michael Burrage, OBA No. 1350
                                           WHITTEN BURRAGE
                                           512 N. Broadway Ave., Suite 300
                                           Oklahoma City, OK 73102
                                           Tel: 405-516-7800
                                           E-mail: mburrage@whittenburragelaw.com

                                           *Counsel for the Chickasaw Nation and Choctaw*
                                             *Nation of Oklahoma*

4926-5277-7082, v. 3

/s/ Frank S. Holleman
Frank S. Holleman, DC Bar No. 1011376
Douglas B. L. Endreson, DC Bar No. 461999, *pro
   hac vice forthcoming*
Anne DeLong, DC Bar No. 90031783, *pro hac
   vice forthcoming*
SONOSKY, CHAMBERS, SACHSE,
   ENDRESON & PERRY, LLP
1425 K St NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail: fholleman@sonosky.com
          dendreso@sonosky.com
          adelong@sonosky.com

*Counsel for the Cherokee, Chickasaw, and
   Choctaw Nations*

Chad Harsha, OBA No. 31579
Attorney General
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail: chad-harsha@cherokee.org

*Counsel for the Cherokee Nation*

Stephen H. Greetham, OBA No. 21510, *pro hac
   vice forthcoming*
GREETHAM LAW, P.L.L.C.
621 Greenwood Road
Chapel Hill, NC 27514-5921
Tel: 984-261-7240
E-mail: sgreetham@greethamlaw.net

*Counsel for the Cherokee and Chickasaw Nations*

Kaycie Sheppard, OBA No. 21356, *pro hac vice
   forthcoming*
*Chief Executive Counsel*
THE CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 Arlington St.
Ada, OK 74820
Tel: 580-310-7925
E-mail: kaycie.sheppard@chickasaw.net

*Counsel for the Chickasaw Nation*

5

Brian Danker, OBA No. 16638
Senior Executive Officer
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 Chukka Hina Dr.
Durant, OK 74701
Tel: 580-642-7423
E-mail: bdanker@choctawnation.com

*Counsel for the Choctaw Nation of Oklahoma*

4926-5277-7082, v. 3

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I electronically filed the above and foregoing documents with the Clerk of Court via the ECF System for filing, and I also caused it to be served on Defendants at the following addresses:

Wade Free
Oklahoma Department of Wildlife Conservation
1801 N. Lincoln Blvd.
Oklahoma City, OK 73105

Nels Rodefeld
Oklahoma Department of Wildlife Conservation
1801 N. Lincoln Blvd.
Oklahoma City, OK 73105

Nathan Erdman
Oklahoma Department of Wildlife Conservation
1801 N. Lincoln Blvd.
Oklahoma City, OK 73105

J. Kevin Stitt
Office of the Governor
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105

Russell Cochran
7301 Deerberry Lane
Oklahoma City, OK 73150

/s/ Frank S. Holleman
Frank S. Holleman

4926-5277-7082, v. 3