# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 4:25-cv-00630-CVE-JFJ |
| WADE FREE, et al., | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF NATIONS' RESPONSE TO COMBINED ENTRY AND APPEARANCE OF RODNEY RICHMOND AND MIKO NASHOBA, OBJECTION, AND MOTION FOR ORDER

Pursuant to Local Rule 7-1(e), Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Plaintiff Nations") hereby respond to the Objection and Motion for Order, ECF Nos. 31-32 ("Motion" or "Mot."),[1] signed by Roderick Richmond and Miko Nashoba ("Movants").[2] The Court should deny both forms of relief sought by the Motion.

---

[1] Although the Motion states it was filed December 4, 2025, Plaintiff Nations did not receive notice or a copy of the Motion until it was entered on the Court's electronic docket on December 8, 2025, and so Plaintiff Nations have responded within twenty-one days of that date, see Local Rule 7-1(e). Additionally, Plaintiff Nations note that the Motion seeks two forms of relief which are barred for the same reasons, see infra at 2-9. In light of the Court's direction not to file multi-part pleadings, see ECF No. 52, Plaintiff Nations have filed this Response twice, once in response to the objection, see ECF No. 31, and once in response to the motion for order, see ECF No. 32.

[2] The title of the Motion says it is made by "Rodney Richmond" and Movant Nashoba, Mot. at 1, and the body of the Motion states its "Objection" is made on behalf of Movant Richmond and "Stephen Wright," id. at 2. For the following reasons, all relief sought by the Motion should be denied as to any and all movants or objectors.

## FACTS

Movant Richmond identifies himself as "Chickasaw and Choctaw freedmen descendant and negroe" and "lineal descendant of a by blood Chickasaw and Choctaw," and Movant Nashoba identifies himself as Movant Richmond's "elected mingo" and "Choctaw by blood." Mot. at 1.[3]

The Motion seeks two types of relief against Plaintiff Nations. First, it makes an "Objection" against Plaintiff Nation's "relief prayed for," asserting that "the rights and privileges enjoyed by tribal members on tribal reservations should also apply to all negroes, also known as freedmen," under the "Treaty of 1866 with the Chickasaw and Choctaw." Mot. at 2. Second, the Motion requests an "order that determines" both that the Chickasaw and Choctaw Constitutions "deprive persons of rights and privileges provided for by [the] 1866 Treaty with the Chickasaw and Choctaw" and also that "negroes enjoy all the same rights and privileges as tribal members of the Cherokee Nation, Chickasaw Nation, and Choctaw Nation while on the reservations of the Cherokee Nation, Chickasaw Nation, and Choctaw Nation." Mot. at 2.

## ARGUMENT

**I.    Movants Cannot Seek Relief Against Plaintiffs Because They Are Non-Parties.**

Movants are not parties to this suit. Yet they seek relief against Plaintiff Nations and also seek to modify the scope of the relief sought by Plaintiff Nations and to obtain what would amount to a declaratory judgment against Plaintiff Nations. The Federal Rules of Civil Procedure "do not authorize strangers to the action to insert themselves as parties simply by making a filing that says

---

[3] In a section titled "Historical Facts," Movants make assertions about their identities and the history and federal and tribal laws concerning people whom Movants identify as "Negroes" or "freedmen." *Id.* As both forms of relief sought by the Motion should be denied for the reasons set forth *infra* at 2-9, it is not necessary to address those assertions, although Plaintiff Nations reserve the right to do so in any subsequent proceedings in which those or similar assertions are relevant.

2

it's so." *Ross v. Jenkins*, No. 17-2547-DDC-TJJ, 2019 WL 2501865, at *1 (D. Kan. June 17, 2019). "[I]t is procedurally improper for non-parties to file motions if they have not successfully intervened." *Ceva Animal Health, LLC v. Mustang Fliers, Inc.*, No. 24-cv-2130-EFM, 2024 WL 3400245, at *2 & n.11 (D. Kan. July 12, 2024) (quoting *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 597 F. Supp. 3d 557, 566 (S.D.N.Y. 2022)); *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987) ("the district court properly refused to consider [the] motion to vacate because the motion was filed by a *nonparty*." (emphasis added)). The Motion should be denied on that basis alone.

## II.     Movants Should Not Be Allowed To Intervene.

Movants do not seek to intervene. However, if the Court were to construe the Motion as seeking intervention, it should still be denied. Movants fail to meet necessary requirements for intervention: they lack constitutional standing, they do not meet the requirements of Federal Rule of Civil Procedure 24, and they do not state a valid claim for relief.

### A.     Movants Lack Standing.

Movants seeking to intervene under Rule 24(a) or (b) must show either constitutional standing to bring his or her claims or that a party on the same side of the case has constitutional standing to bring those claims. *See Kane County v. United States* (*Kane County II*), 928 F.3d 877, 886-87 (10th Cir. 2019) (discussing *San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) (en banc) and *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433 (2017)). It is a movant's burden to show standing, which he or she demonstrates by showing that he or she

> (1) [has] suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

3

*City of Colorado Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1079 (10th Cir. 2009) (quoting *New Eng. Health Care Emls.' Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008)).

Movants fail to meet this burden. Since no parties in the case seek the relief they request against Plaintiff Nations, Movants must show they themselves have constitutional standing to seek their requested relief. *See Kane County II*, 928 F.3d at 886. But they do not identify any "concrete and particularized" or "actual or imminent" injury that they themselves have suffered, much less trace any such injury to a challenged action by Plaintiff Nations. Nor do they explain how Plaintiff Nations have caused them any injury, or how the relief they seek would redress any alleged harm. Instead, it appears that Movants are asking the Court to opine on issues that are of interest to them but are not presented in this case and that do not satisfy the requirements of standing that apply to this case. That is impermissible, as "[i]t is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies." *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975); *accord Deer Creek Water Corp. v. City of Oklahoma City*, 82 F.4th 972, 979 (10th Cir. 2023).

### B. Movants Do Not Satisfy Rule 24.

In addition to failing to show standing, Movants meet neither test for intervention laid out in Rule 24.[4]

Rule 24(a)(2) provides for intervention as of right, as follows

> [o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

---

[4] Rules 24(a)(1) and (b)(1)(A) also authorize intervention by a party that has a statutory right to intervene. Movants cite no statute, and Plaintiff Nations have found none, giving Movants any right to intervene in this case.

> the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Movants do not meet this standard because their ability to protect their interests will not "as a practical matter" be impaired or impeded if the litigation proceeds without them. To meet this requirement, "an applicant 'must have an interest that could be adversely affected by the litigation.'" *Kane County II*, 928 F.3d at 891 (quoting *San Juan County*, 503 F.3d at 1199). "The *interest* element is 'a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *San Juan County*, 503 F.3d at1195). "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." *Id.* (citing *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001)).

Movants have not shown a relationship to the "property or transaction that is the subject of the action." Indeed, this litigation does not concern the matters that Movants seek to raise. Movants seek to establish that the Chickasaw and Choctaw Constitutions deprive certain "persons" of "rights and privileges" and that "negroes" have the "rights and privileges" of tribal members on the Plaintiff Nations' Reservations. Mot. at 2. By contrast, this litigation concerns the State's interference with the hunting, fishing, and gathering rights of Plaintiff Nations, their members, and members of the Five Tribes, on Plaintiff Nations' Reservations. These are entirely different subjects. Moreover, as Movants seek relief that is detached from this litigation, Movants' interest in their relief is academic in relation to this case, *see supra* at 4, and is therefore not "legally protectable." *See WildEarth Guardians*, 604 F.3d at 1198 (noting an interest is sufficient for intervention when it also is a legally protectable interest that supports standing). Because Movants' issues are outside the bounds of this litigation, resolution of this case will not impede

5

Movants' ability to seek to resolve those questions in other actions—assuming they can meet applicable jurisdictional and pleading requirements in any such action. Fundamentally, intervention as of right should be denied because they lack the requisite stake in this litigation that intervention and standing require, and instead seek advisory opinions on issues not raised in this litigation.

Nor should the Court allow permissive intervention. Permissive intervention is governed by Rule 24(b)(1)(B), under which

> [o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact.

A court must "also consider whether intervention 'will unduly delay or prejudice the adjudication of the original parties' rights.'" *Parson v. Farley*, 352 F. Supp. 3d 1141, 1149 (N.D. Okla. 2018) (quoting Fed. R. Civ. P. 24(b)(3)); *Oklahoma ex rel. Pruitt v. Sebelius*, No. CIV-11-030-RAW, 2013 WL 12323601, at *1 (E.D. Okla. Mar. 4, 2013).

Movants also fail to meet this standard, because they ask the Court to consider issues which are entirely separate from the issues in this case. Movants seek to have the Court determine whether "negroes, also known as freedmen" have "the rights and privileges enjoyed by tribal members on tribal reservations" and whether the Chickasaw and Choctaw Constitutions deprive "persons" of rights and privileges under the 1866 Treaty. Mot. at 2. Those issues do not share a "common question of law or fact" with whether the State has jurisdiction over Indians hunting, fishing, and gathering on the Plaintiff Nations' Reservations, or whether Plaintiff Nations have inherent and treaty-protected sovereign rights to regulate hunting, fishing, and gathering by Indians on their Reservations, exclusive of state jurisdiction. Addressing the irrelevant issues raised by Movants would lead to the examination of further legal and factual issues also not relevant to this

case, which would unduly delay or prejudice adjudication of the rights Plaintiff Nations seek to vindicate in this case.[5]

### C. Movants' Request for Relief is Barred by their Failure to State a Good Claim.

When a Movant seeks to intervene, "[t]he proposed pleading must state a good claim for relief." 7C Wright & Miller, *Federal Practice & Procedure* § 1914 & n.18 (3d ed. Sept. 2025) (citing *Williams & Humbert Ltd. v. W.&H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72 (D.C. Cir. 1988), and *Solein ex rel. Nat'l Labor Relations Bd. v. Miscellaneous Drivers & Helpers Union, Local No. 610*, 440 F.2d 124 (8th Cir. 1971)); *see Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983). Because Movants do not attach a proposed pleading to their Motion, *see supra* at 7 n.5, they have not stated a good claim for relief. Furthermore, it is clear that they cannot state a good claim for relief for at least two independently dispositive reasons.

In the first place, Movants lack constitutional standing. *See supra* at 4. That not only bars intervention on its own terms, it also means they lack a good claim for relief.

Second, Movants' Motion is also barred by tribal sovereign immunity. Plaintiff Nations are federally-recognized Indian tribes. *See* 89 Fed. Reg. 99899, 99899, 99901 (Dec. 11, 2024). "It's long since settled that 'an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.' This principle extends to counterclaims lodged

---

[5] Additionally, Movants also did not provide a proposed pleading with their filing as required by Rule 24(c). If the Court treats the Motion as one to intervene, and to the extent that the Court finds the Motion does not clearly present Movant's purported grounds for intervention, the Court "could properly deny the application to intervene on procedural grounds alone." *Balthrop v. Wal-Mart Stores E., L.P.*, No. CIV-19-00657-PRW, 2020 WL 130148, at *1 & n.5 (W.D. Okla. Jan. 10, 2020) (quoting *Sears Roebuck & Co. v. IPofA Salina Cent. Mall, LLC*, No. 5:08-cv-04125-SAC, 2009 WL 1664614, at *2 (D. Kan. June 15, 2009)); *see Miami Cnty. Nat'l Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941).

against a plaintiff tribe—even compulsory counterclaims." *Ute Indian Tribe v. Utah*, 790 F.3d 1000, 1009 (10th Cir. 2015) (Gorsuch, J.). For purposes of tribal sovereign immunity, "the term 'suit' embodies the broad principle that the government is not subject to 'legal proceedings, at law or in equity' or '*judicial process*' without its consent." *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1159 (10th Cir. 2014) (quoting *United States v. Murdock Machine & Eng'g Co. of Utah*, 81 F.3d 922, 931 (10th Cir. 1996)). Any waiver by a tribe must be made in clear and unmistakable terms. *C & L Enters., Inc. v. Citizen Band Potawatomi Tribe*, 532 U.S. 411, 418 (2001).

Movants' requests for relief constitute a "suit" for immunity purposes because Movants have brought their requests "for the purpose of establishing some claim against [Plaintiff Nations] by the judgment of a Court." *Bonnet*, 741 F.3d at 1159 (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 408 (1821)). Plaintiff Nations' tribal sovereign immunity from those requests has never been waived or abrogated. Movants cite no legal authority concerning Cherokee Nation's tribal sovereign immunity. And nothing they cite shows the Chickasaw Nation's or Choctaw Nation's tribal sovereign immunity was abrogated or waived. Movants seek relief based on the Chickasaw and Choctaw Constitutions, but neither of those documents waives tribal sovereign immunity.[6] The only federal law authority that Movants cite is the 1866 Treaty with the Choctaw

---

[6] *See* Const. of Choctaw Nation of Okla., https://www.choctawnation.com/wp-content/uploads/2022/03/constitution.pdf; Const. of Chickasaw Nation, https://chickasaw.net/getattachment/Our-Nation/Government/Chickasaw-Constitution/CN_Constituion_Amended2002.pdf.aspx?lang=en-US. Movants note that Article 2, Section 1, of each Constitution incorporates by reference Section 2 of the Act of April 26, 1906, ch. 1876, 34 Stat. 137, 137-38. As relevant to Plaintiff Nations, that section describes the obligations *of the United States* to prepare membership rolls for the Five Tribes, make allotments of land to those Tribes' members, and compensate Cherokee citizens who do not receive full allotments. It says nothing about tribal sovereign immunity.

and Chickasaw, Apr. 28, 1866, 14 Stat. 769, which says nothing to abrogate the Chickasaw or Choctaw Nations' tribal sovereign immunity from these claims.

Nor did Plaintiff Nations waive tribal sovereign immunity from Movants' request for relief by filing this action against Defendants. Plaintiff Nations would be immune even from counterclaims by defendants concerning the same forms of relief and subject matter as their original claims. *See Okla Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509-10 (1991). In this case, Plaintiff Nations sued *other* people, raising *other* claims and seeking *other* relief than Movants raise. *A fortiori* they have not waived immunity from Movants' sought-after relief.

## CONCLUSION

For the foregoing reasons, Plaintiff Nations respectfully request that the Court deny both forms of relief sought by Movants' Motion.

Dated: December 29, 2025

Respectfully submitted,

By: */s/ Michael Burrage*
Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
E-mail: mburrage@whittenburragelaw.com

*Counsel for the Chickasaw Nation and Choctaw Nation of Oklahoma*

4898-6648-1029, v. 2

/s/ Frank S. Holleman
-------------------------
Frank S. Holleman, DC Bar No. 1011376
Douglas B. L. Endreson, DC Bar No. 461999, *pro hac vice*
Anne DeLong, DC Bar No. 90031783, *pro hac vice*
SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP
1425 K St NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail: fholleman@sonosky.com
       dendreso@sonosky.com
       adelong@sonosky.com

*Counsel for the Cherokee, Chickasaw, and Choctaw Nations*

Chad Harsha, OBA No. 31579
Attorney General
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail: chad-harsha@cherokee.org

*Counsel for the Cherokee Nation*

Stephen H. Greetham, OBA No. 21510, *pro hac vice*
GREETHAM LAW, P.L.L.C.
621 Greenwood Road
Chapel Hill, NC 27514-5921
Tel: 984-261-7240
E-mail: sgreetham@greethamlaw.net

*Counsel for the Cherokee and Chickasaw Nations*

Kaycie Sheppard, OBA No. 21356, *pro hac vice*
Chief Executive Counsel
THE CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 Arlington St.
Ada, OK 74820
Tel: 580-310-7925
E-mail: kaycie.sheppard@chickasaw.net

*Counsel for the Chickasaw Nation*

        Brian Danker, OBA No. 16638
        Senior Executive Officer
        DIVISION OF LEGAL & COMPLIANCE
        CHOCTAW NATION OF OKLAHOMA
        1802 Chukka Hina Dr.
        Durant, OK 74701
        Tel: 580-642-7423
        E-mail: bdanker@choctawnation.com
        *Counsel for the Choctaw Nation of Oklahoma*

4898-6648-1029, v. 2

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I electronically filed the above and foregoing document with the Clerk of Court via the ECF System for filing, and I also caused it to be served on the following persons by first class mail, postage prepaid:

Roderick Richmond
209 East E. Street
Elmore City, OK 73433

Miko Nashoba
209 East E. Street
Elmore City, OK 73433

*/s/ Frank S. Holleman*
Frank S. Holleman

4898-6648-1029, v. 2