# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

THE CHEROKEE NATION, et al.,

        Plaintiffs,

v.                                  Civil Action No. 4:25-cv-00630-CVE-JFJ

WADE FREE, et al.,

        Defendants.

## PLAINTIFFS' MOTION TO FILE UNREDACTED EXHIBIT UNDER SEAL AND FILE REDACTED EXHIBIT AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-2(b), Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Plaintiffs") submit this motion to file redacted documents and brief in support. Plaintiffs have redacted parts of one exhibit to a declaration that is attached to their Reply Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 67 ("Reply"), in order to protect personal identifying information included in those exhibits. Pursuant to Local Rule 5.2-2(b), Plaintiffs have filed the redacted exhibit with their Reply, *see* ECF No. 67-7, and have filed an unredacted version separately under seal, *see* ECF No. 68. Plaintiffs respectfully request the Court grant this motion to permit the redaction and allow the unredacted version to be filed under seal, for the following reasons.

### STANDARD OF REVIEW

"It is beyond question that this [c]ourt has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Under Federal Rule of Civil Procedure 5.2(a)(2), a party making a filing that includes an

1

individual's birthdate must redact that information. Additionally, "[f]or good cause, the court may by order in a case . . . require redaction of additional information." Fed. R. Civ. P. 5.2(e)(1). Such information may include personal identifying information like driver's license numbers, *id.* 2007 advisory comm. note. When considering a motion to seal or redact documents, the court "weigh[s] the interest of the public" in accessing judicial records, "which are presumptively paramount, against those advanced by the parties," and the party seeking redaction must show "some significant interest that outweighs the presumption." *Dillard*, 795 F.3d at 1205 (quoting *Crystal Grower's*, 616 F.2d at 461; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

**ARGUMENT**

Attached to Plaintiffs' Reply is the Declaration of Nathan Lansdale. Mr. Lansdale were cited by an Oklahoma Department of Wildlife Conservation game warden for allegedly violating tribal law while hunting in Indian country in Oklahoma. Attached as an exhibit to his declaration is an image of the citation that was issued to him in the field, which is not publicly available online. The citation includes sensitive personal information, including his birth date, drivers' license number, and his personal address and phone number.

Plaintiffs seek to redact this personal information from the exhibit, and to file under seal an unredacted version of this exhibit, in order to protect this personal information from public access. The Court has already granted a similar request by Plaintiffs to redact personal information concerning other declarants from exhibits supporting declarations, *see* ECF Nos. 3-9, 3-10, 10, and Defendants have filed exhibits making similar redactions, *see* ECF Nos. 46-8, 46-9, 46-11. Plaintiffs respectfully request the Court allow redaction and filing under seal here, too, for the following reasons.

The public's interest in the redacted information is slight. The purpose of public access to judicial documents is to "preserve[] 'the integrity of the law enforcement and judicial processes'

by allowing the public to see how courts make their decisions." *McWilliams v. DiNapoli*, 40 F.4th 1118, 1130 (10th Cir. 2022) (quoting *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020)). That purpose is not implicated by this redaction request, as the public can perfectly understand the issues before the Court without access to the declarant's personal information contained in this exhibit. Indeed, this personal information is irrelevant to the factual and legal issue to which Mr. Lansdale's declaration relates: whether Plaintiffs seek a preliminary injunction that seeks to alter the status quo. *Cf. United States v. Neel*, No. 21-CR-00362-GKF, 2022 WL 736100, at *2 (N.D. Okla. Mar. 10, 2022) (refusing to redact transcripts of closing arguments to remove victim's home address because it was the location of alleged crimes, it was government's burden to prove crimes took place in Indian country, and government had already revealed the address in prior filing).

In contrast, making this information publicly accessible in case filings would unnecessarily invade a non-party's privacy by making his personal identifying information readily available to the public. "[T]he personal identifying information of third parties deserves protection." *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 21, 2014). This is exactly the type of information that the Federal Rules indicate should be protected from public access through an order sealing it from public access. Fed. R. Civ. P. 5.2(a)(2); *id.* 2007 advisory comm. note; *see also Allgood v. Paperlesspay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (finding good cause to seal, *inter alia*, personal addresses, a license plate number, telephone numbers, and prior employment); *United States v. Smith-Wilson*, No. 3:21-CR-149-RLJ-DCP, 2022 WL 2709255, at *1 n.2 (E.D. Tenn. June 24, 2022) (noting court had sealed affidavit containing phone and license plate numbers).

Moreover, Plaintiffs have narrowly redacted the copy of the citation in the unsealed version, in order to "redact or seal only as much as necessary to protect legitimate interests." Local Rule 5.2-2(b). *See Thompson v. McDonough*, No. 23-cv-00499-GKF-SH, 2024 WL 4213601, at *2 (N.D. Okla. Sept. 17, 2024). These redactions satisfy the public's interest in judicial documents and the declarant's interest in privacy and control over personal identifying information. Allowing these redactions and the filing of unredacted versions under seal is appropriate. *See McWilliams*, 40 F.4th at 1133 (denying motion to seal documents in their entirety but noting that the movant could "make limited redactions" to prevent revealing "sensitive personal information—such as a home address, phone number, [or] date of birth").

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.

Dated: January 20, 2026

Respectfully submitted,

By: */s/ Michael Burrage*
Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
E-mail: mburrage@whittenburragelaw.com

*Counsel for the Chickasaw Nation and Choctaw Nation of Oklahoma*

4

*/s/ Frank S. Holleman*
Frank S. Holleman, DC Bar No. 1011376
Douglas B. L. Endreson, DC Bar No. 461999, *pro hac vice forthcoming*
Anne DeLong, DC Bar No. 90031783, *pro hac vice forthcoming*
SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP
1425 K St NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail: fholleman@sonosky.com
       dendreso@sonosky.com
       adelong@sonosky.com

*Counsel for the Cherokee, Chickasaw, and Choctaw Nations*

Chad Harsha, OBA No. 31579
Attorney General
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail: chad-harsha@cherokee.org

*Counsel for the Cherokee Nation*

Stephen H. Greetham, OBA No. 21510, *pro hac vice forthcoming*
GREETHAM LAW, P.L.L.C.
621 Greenwood Road
Chapel Hill, NC 27514-5921
Tel: 984-261-7240
E-mail: sgreetham@greethamlaw.net

*Counsel for the Cherokee and Chickasaw Nations*

Kaycie Sheppard, OBA No. 21356, *pro hac vice forthcoming*
*Chief Executive Counsel*
THE CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 Arlington St.
Ada, OK 74820
Tel: 580-310-7925
E-mail: kaycie.sheppard@chickasaw.net

*Counsel for the Chickasaw Nation*

5

Brian Danker, OBA No. 16638
Senior Executive Officer
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 Chukka Hina Dr.
Durant, OK 74701
Tel: 580-642-7423
E-mail: bdanker@choctawnation.com

*Counsel for the Choctaw Nation of Oklahoma*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I electronically filed the above and foregoing documents with the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman

4910-6818-5481, v. 2