IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, et al., | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 4:25-cv-00630-CVE-JFJ ) |
| WADE FREE, et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION TO FILE SURREPLY TO DEFENDANTS'
MOTION TO DISMISS**

Pursuant to Local Rule 7-1(f), Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Nations") hereby request leave to file a surreply to address Defendants' new argument that the Nations' enactment of wildlife laws similar to those of the State "obviates the need for any further determination of conservation necessity as to any specific State law also adopted by the Nation." Defs.' Joint Reply Br. in Supp. of Mot. to Dismiss Mot. to Dismiss Pls.' Compl., at 18-19, Dkt. No. 74 ("Defs.' Reply") (quoting *United States v. Williams*, 898 F.2d 727, 729-30 (9th Cir. 1990)). Defendants had ample opportunity to raise this argument in their motion to dismiss, Dkt. No. 47, or in their response to Plaintiff Nations' motion for preliminary injunction, Dkt. No. 46, which Defendants incorporated by reference in their motion to dismiss, Dkt. No. 47, at 26. Instead, they chose to raise it for the first time on reply. Accordingly, Plaintiff Nations respectfully request leave to file a surreply brief of no more than five (5) pages in length to address this new argument, to be filed within seven (7) days of the entry of the order granting this Motion.

**STANDARD OF REVIEW**

Local Rule 7-1(f) provides that supplemental briefs, such as surreplies, may be filed "upon motion and leave of Court." Under Local Rule 7-1(f), "[a] surreply is appropriate and should be

1

allowed where new arguments are raised in a reply brief." *SFF-TIR, LLC v. Stephenson*, No. CIV 14-0369 JB\FHM, 2020 WL 1847680, at *3 (N.D. Okla. Apr. 13, 2020) (quoting *Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/KBM, 2011 WL 2728344, at *1 (D.N.M. July 6, 2011)); *see also Black Emer. Response Team v. Drummond*, No. CIV-21-1022-G, 2023 WL 6930439, at *2 (W.D. Okla. Oct. 19, 2023) ("'[R]eply briefs should not raise new arguments or present evidence on new matters' and 'should be limited to responding to arguments asserted in a response brief.'" (quoting *Bridge ex rel. Bridge v. Okla. State Dep't of Educ.*, No. CIV-22-787-JD, 2022 WL 20689557, at *2 (W.D. Okla. Dec. 20, 2022))).

## ARGUMENT

Defendants' reply argues for the first time that the Nations' contention "that the State cannot establish the so-called 'conservation necessity' standard" is based on "a test [the Nations] cobble together from an assortment of district court decisions from Washington, Oregon, and Wisconsin" and that "the entire discussion misses the point." Defs.' Reply at 18 (citing Dkt. No. 66 at 22-24 & n.29). That is so, they assert, because "adoption by the tribes" of wildlife laws and regulations similar to those of the State "stamps Oklahoma's laws with a 'presumption of validity' and obviates the need for any further determination of conservation necessity as to any specific State law also adopted by the Nations." *Id.* In their view, "[t]he State bears the burden of establishing the conservation standard only when it attempts to impose non-discriminatory regulations on tribal members that are not applicable, or would not be as stringent, under tribal law." *Id.* (emphasis omitted). Defendants' new argument also relies on cases they never cited before. *See id.* at 19 (quoting *Williams*, 898 F.2d at 729-30; *State v. McCormack*, 812 P.2d 483, 485 (Wash. 1991); *State v. Wagner*, 524 P.3d 564, 566-67 (Or. App. 2022)).

The Nations explained in their memorandum in support of their motion for preliminary injunction, Dkt. No. 3-1 at 16-17 ("PI Motion"), that Defendants cannot satisfy the conservation

2

necessity standard set forth in *Herrera v. Wyoming*, 587 U.S. 329, 339-41 (2019), and the *Puyallup* cases, *see Puyallup Tribe v. Dep't of Game* (*Puyallup I*), 391 U.S. 392, 398 (1968); *Puyallup Tribe, Inc. v. Dep't of Game* (*Puyallup III*), 433 U.S. 165 (1977), because "the Nations' regulation of hunting and fishing is *designed* to protect fish and game species using standards nearly identical to the State's" and "the ODWC has not relied on any conservation necessity in asserting jurisdiction over Indians in Indian country." PI Motion at 16-17.

In their motion to dismiss, Dkt. No. 47 ("MTD"), Defendants argued that Plaintiff Nations' Complaint "is subject to dismissal under Rule 12([b])(6)," without expressly invoking the conservation necessity standard. MTD at 25-26. Instead, Defendants cross-referenced Sections II.B, II.C, and II.D of their response Plaintiffs' PI Motion, Dkt. No. 46 ("PI Response"). In the cross-referenced sections of their PI Response, Defendants only invoked the conservation necessity standard to assert that the Supreme Court's decisions in the *Puyallup* cases supposedly established that the State could "impose non-discriminatory regulations on fishing by tribal members . . . all 'in the interest of conservation.'" PI Response at 26-27 (citing *Puyallup I*, 391 U.S. at 398, and *Puyallup III*, 433 U.S. at 171-73).[1]

In their combined response to Defendants' MTD and reply in support of their PI Motion, Dkt. No. 67 ("Nations' MTD Response"), the Nations addressed Defendants' failure to state a claim arguments by cross-referencing the Nations' briefing on the PI Motion, *see* Nations' MTD Response at 17-18, and by explaining that Defendants "do not satisfy the conservation necessity standard" because they "simply assert the right to apply state law to Indians on the same terms as

---

[1] Elsewhere in their PI Response—in a section not incorporated by reference in their motion to dismiss—Defendants simply invoked the standard without further analysis, asserting that "States are granted authority to 'impose reasonable and nondiscriminatory regulations on an Indian tribe's treaty-based hunting, fishing, and gathering rights on state land when necessary for conservation.'" PI Resp. at 18 (quoting *Herrera*, 587 U.S. at 339-40).

to non-Indians and contend that the exercise of their authority 'to regulate hunting and fishing on all fee lands . . . is essential to the State's overall wildlife conservation goals,'" *id.* at 22-23; *see id.* at 23 n.30.[2]  The Nations also noted that their hunting and fishing regulation standards were "nearly identical to the State's," as Defendants had conceded in a part of their PI Response that they did *not* incorporate in their motion to dismiss, *see id.* at 24 n.31 (citing PI Resp. at 19-20), and the Nations again explained that "[e]ffective tribal regulation establishes the absence of a conservation necessity," *id.*

In short, the Nations explained from the outset that they regulate hunting and fishing using standards nearly identical to the State's and that this is one reason why the Defendants cannot meet the conservation necessity standard. *See* PI Motion at 17. Defendants did not respond to this assertion in their PI Response, nor did they do so in their motion to dismiss. They only offered a bald assertion that they met the conservation necessity standard.

Defendants now attempt to resuscitate their position by invoking a new argument that they do not need to meet the conservation necessity standard at all. Defendants assert that "adoption by the tribes" of wildlife laws and regulations similar to those of the State "stamps Oklahoma's laws with a 'presumption of validity' and obviates the need for any further determination of conservation necessity as to any specific State law also adopted by the Nations," and they also assert that "[t]he State bears the burden of establishing the conservation standard only when it attempts to impose non-discriminatory regulations on tribal members that are not applicable, or

---

[2] The Nations explained that the conservation necessity standard could not be satisfied because the State has no authority to require Indians to obtain licenses to hunt and fish in Indian country, because treaty rights entitle Indians to more than simply an "equal opportunity" to hunt and fish, and because "[d]irect regulation of treaty Indian fishing in the interests of conservation is permissible only after the state has proved unable to preserve a run by forbidding the catching of fish by other citizens under its ordinary police power jurisdiction." Nations' MTD Response at 23-24 (quoting *United States v. Washington*, 520 F.2d 676, 686 (9th Cir. 1975).

would not be as stringent, under tribal law." Defs.' MTD Reply at 18 (emphasis omitted). Defendants' new argument also relies on cases they never cited before. *Id.* at 19 (quoting *Williams*, 898 F.2d at 729-30; *McCormack*, 812 P.2d at 485; *Wagner*, 524 P.3d at 566-67).

Defendants cannot credibly assert that this new argument replies to the Nations' MTD Response. Defendants now argue that the State does not have to show that it meets the conservation necessity standard at all when tribal wildlife law is similar to that of the State. That is distinctly different from the arguments they advanced in prior briefing—to which the Nations responded—that the State has met its burden of establishing the conservation necessity standard in this case.

The Nations therefore seek leave "to submit a limited surreply that raises no new issues and responds only to the new matters in the reply brief identified by" the Nations in this motion. *Bridge*, 2022 WL 20689557, at *2. The Nations' surreply would not exceed five (5) pages, and it would only respond to the Defendants' new arguments on pages 18 and 19 of their reply, which rely on *Williams*, *McCormack*, and *Wagner*. The Nations anticipate showing that Defendants have misstated the terms on which the Ninth Circuit applied the Lacey Act in *Williams*, that *Williams* is inapplicable here, and that Defendants' reliance on *McCormack* and *Wagner* also fails.

## CONCLUSION

For the foregoing reasons, Plaintiff Nations respectfully request the Court grant them leave to file a surreply of not more than five (5) pages to the new argument in Defendants' Joint Reply Brief in Support of Motion to Dismiss Plaintiffs' Complaint, which is described in this Motion, to be filed within seven (7) days of the granting of this Motion.

Dated: February 13, 2026                    Respectfully submitted,

By:  */s/ Michael Burrage*
Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
E-mail: mburrage@whittenburragelaw.com

*Counsel for the Chickasaw Nation and Choctaw Nation of Oklahoma*

*/s/ Frank S. Holleman*
Frank S. Holleman, DC Bar No. 1011376
Douglas B. L. Endreson, DC Bar No. 461999, *pro hac vice*
Anne DeLong, DC Bar No. 90031783, *pro hac vice*
SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP
1425 K St NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail: fholleman@sonosky.com
         dendreso@sonosky.com
         adelong@sonosky.com

*Counsel for the Cherokee, Chickasaw, and Choctaw Nations*

Chad Harsha, OBA No. 31579
Attorney General
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail: chad-harsha@cherokee.org

*Counsel for the Cherokee Nation*

6

Stephen H. Greetham, OBA No. 21510, *pro hac vice*
GREETHAM LAW, P.L.L.C.
621 Greenwood Road
Chapel Hill, NC 27514-5921
Tel: 984-261-7240
E-mail: sgreetham@greethamlaw.net

*Counsel for the Cherokee and Chickasaw Nations*

Kaycie Sheppard, OBA No. 21356, *pro hac vice*
*Chief Executive Counsel*
THE CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 Arlington St.
Ada, OK 74820
Tel: 580-310-7925
E-mail: kaycie.sheppard@chickasaw.net

*Counsel for the Chickasaw Nation*

Brian Danker, OBA No. 16638
Senior Executive Officer
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 Chukka Hina Dr.
Durant, OK 74701
Tel: 580-642-7423
E-mail: bdanker@choctawnation.com

*Counsel for the Choctaw Nation of Oklahoma*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2026, I electronically filed the above and foregoing documents with the Clerk of Court via the ECF System for filing.

                                           */s/ Frank S. Holleman*
                                           Frank S. Holleman