IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 4:25-cv-00630-CVE-JFJ |
| WADE FREE, et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE DECLARATIONS SUBMITTED BY PLAINTIFFS IN THEIR REPLY BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, MOTION TO FILE SURREPLY**

Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Nations") hereby respond to Defendants' Motion to Strike or File Surreply, Dkt. No. 77 ("Surreply Mot."). Defendants do not have a basis to seek to strike portions of the Nations' reply and supporting declarations; instead they seek relief from the Court to allow them to present a new position on the pre-dispute "status quo," one they chose not to present in their response brief, but now wish they had.

## BACKGROUND

The Nations filed a motion for preliminary injunction on November 18, 2025, Dkt. Nos. 3, 12, in response to the Oklahoma Department of Wildlife Conservation's ("ODWC") October 8, 2025 issuance of a Notice that, based on the Oklahoma Supreme Court's July 1, 2025 decision in *Stroble v. Oklahoma Tax Commission*, 2025 OK 48 (per curiam), ODWC would seek to impose state law on Indians hunting and fishing in Indian country. Dkt. No. 3-1 at 7. The Nations explained that "[p]rior to the issuance of ODWC's Oct. 8 Notice, the Nations and their members

1

were exercising their Treaty rights to hunt, fish, and gather on their Reservations under Tribal law, including under the Reciprocity Agreement, free from state interference," *id.* at 8 n.12, citing declarations from Nation members who described the exercise of hunting and fishing rights before October 8, 2025. The Nations also explained that this was the status quo that their motion sought to preserve. *Id.* While the Nations were not under any obligation to brief this issue, as it had not yet been raised by Defendants, they did so to make their position clear.

Defendants filed a response to the Nations' motion on December 19, 2025, *see* Dkt. No. 46 ("Resp."). In their response, Defendants acknowledged the Nations' position without addressing the Nations' argument or disputing the facts on which the Nations' argument relies. Resp. at 14-15. They simply asserted that the status quo was that which existed "prior to the Court's ruling in *McGirt*." *Id.* In support of that claim, Defendants alleged that "[f]or more than a century, ODWC has uniformly enforced its facially neutral hunting and fishing laws on all fee lands within the State," *id.* at 15, and cited an affidavit from Defendant Free claiming that "[s]ince statehood in 1907, the State of Oklahoma has exercised continuous and uninterrupted jurisdiction over hunting and fishing activities across the majority of the State" and that outside of trust lands "ODWC has enforced state wildlife laws for over a century," Dkt. No. 46-1, ¶¶ 2-3. Defendants further claimed that the Nations' "claimed right . . . to hunt free from State regulation" was a "recent (and significant) departure" from the supposed status quo "spurred at the earliest by the 2020 *McGirt* decision." Resp. at 15. In sum, Defendants argued that the status quo was pre-*McGirt*.

The Nations filed a reply in support of preliminary injunction and response to the motion to dismiss on January 20, 2026. Dkt. No. 66. In their reply, the Nations explained that the status quo was the post-*McGirt* situation—which produced significant on the ground changes, as Defendants admit, Resp. at 15 n.8—that existed until October 8, 2025. They demonstrated this by

2

providing declarations and evidence showing that *McGirt* changed the status quo, as shown by the positions that Defendant Erdman took after *McGirt*, and the actual experience of people in the field after *McGirt*, and that Defendants diverged from the status quo in their October 8, 2025 announcement. *See* Dkt. 66 at 18-19.

Now, nearly a month after the Nations filed their reply, Defendants seek leave to file a sur-reply, seeking to advance a new position and submit new evidence on the "status quo." They acknowledge that in their response, they addressed whether the motion for preliminary injunction would "seek to disturb the status quo that existed prior to the Supreme Court's decision in *McGirt*" and "not the status quo immediately preceding the October 8 notice." Surreply Mot. at 3. They assert that they must be able to provide evidence addressing "the State's exercise of jurisdiction over hunting and fishing in Indian country from the date *McGirt* was decided through October 8, 2025." *Id.* at 3-4.

**ARGUMENT**

The Court should deny Defendants' motion, for four reasons.

First, Defendants' motion to strike is both categorically improper and untimely. "'[O]nly material included in a "pleading" may be the subject of a motion to strike' and, thus, motions, briefs, memoranda, objections, or affidavits may not be attacked by a motion to strike." *Skerce v. Torgeson Elec. Co.*, No. 2:18-cv-02040-HLT, 2019 WL 8017822, at *2 (D. Kan. Aug. 9, 2019) (quoting *Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 994 (D.N.M. 2016)); *accord Palmer v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2017 WL 5629624, at *2 (D. Kan. Nov. 22, 2017) (collecting cases). Furthermore, a motion to strike must be filed within twenty-one (21) days of service of the pleading. *Skerce*, 2019 WL 8017822, at *2 (citing Fed. R.

Civ. P. 12(f)(2)). Defendants filed their motion to strike twenty-eight (28) days after Plaintiffs served the reply and supporting materials, and so their request to strike is untimely.

Second, there is no basis to grant the motion to strike or allow a surreply as the Nations' arguments and materials on the post-*McGirt* status quo are not "new." The Nations argued in their motion for preliminary injunction that the status quo was pre-October 8, 2025. Defendants then chose to present a different argument in response, asserting that the circumstances pre-*McGirt* were the "status quo" and presenting evidence on that issue. That contention disputed the Nations' position, and the Nations then appropriately replied with argument and evidence showing that the status quo is the circumstance immediately preceding October 8, 2025, not the pre-*McGirt* circumstances. Reply briefs "regarding new matters in the response brief" are proper. *See* Local Civ. Rule 7-1(f). The Nations' reply addressed the "new matters" raised by Defendants in their response: To wit, Defendants' new argument and supposedly supporting evidence that the pre-*McGirt* circumstances are the relevant "status quo." *See Simmler v. Reyes*, No. 2:19-cv-01009-RJS-JCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021).

This renders irrelevant Defendants' reliance on Tenth Circuit cases concerning instances where a movant introduced new arguments and evidence on reply. *See* Surreply Mot. at 2-3 (citing *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Moreover, these cases also all deal with briefing on motions for summary judgment and application of Federal Rule of Civil Procedure 56(c), which requires that a non-moving party must have the opportunity to respond to a movant's summary judgment materials. *Beaird*, 145 F.3d at 1164-65. *Beaird* reasoned that Rule 56(c) required a district court to either, in its discretion, ignore new materials submitted on reply or provide a surreply so that the nonmovant

can so respond. *Id.* The other cases relied on the *Beaird* rule when considering appeals of summary judgment. *Pippin*, 440 F.3d at 1191-92; *Green*, 420 F.3d at 1196-97. The same is true of *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003), *see* Surreply Mot. at 3. Yet Rule 56(c) is not implicated here.

      Third, it would be improper to strike the Nations' arguments and supporting materials in any event. Even "new" evidence "should have a bearing on the Court's ultimate decision [on a motion for preliminary injunction] if [it is] relevant, material, and probative." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005).[1] The Nations' arguments and materials on reply are not "new" as that term is used in the relevant case law, *see supra* at 4-5. But even if they were, they are relevant, material, and probative to resolving Defendants' arguments that the pre-*McGirt* circumstances constitute the "status quo" for purposes of issuing a preliminary injunction. *See Palmer*, 2017 WL 5629624, at *2 ("[A]ny doubt [about] the utility of the material to be stricken should be resolved against the motion to strike." (quoting *Landrith v. Gariglietti*, No. 11-2465-KHV, 2012 WL 171339, at *1 (D. Kan. Jan. 19, 2012), *aff'd* 505 F. App'x 701 (10th Cir. 2012)) (alteration in original)). Moreover, "[c]ourts usually deny motions to strike absent a showing of prejudice against the moving party." *Id.* Given that the Nations only replied to arguments in Defendants' response brief, and Defendants could have raised in their response the new arguments and evidence they seek to raise on surreply, Defendants cannot show prejudice that would justify striking any materials.

---

[1] In *Texas Health & Human Services Commission v. United States*, 166 F. Supp. 3d 706, 710 n.4 (N.D. Tex. 2016), the court *denied* a motion to strike where striking materials would produce an inconvenient result. This demonstrates that the decision of how to handle assertedly "new" materials is within the discretion of the district court, rather than subject to a mandatory rule under the Federal Rules of Civil Procedure as Defendants suggest, *see* Surreply Mot. at 2-3.

Fourth, and finally, Defendants are not entitled to a surreply because they are seeking relief from their own strategic decision to argue that the status quo was pre-*McGirt*. They now wish to take a new position—that a supposed post-*McGirt* status quo should govern—and to provide evidence supporting it. They cannot use a surreply to change positions after briefing has concluded and produce new evidence supporting that new position. "A sur-reply may not be used to introduce new legal arguments for the first time" and cannot be used to "attempt[] to assert a last-minute brand-new theory." *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-cv-02479-GPC (DEB), 2022 WL 16985003, at *21 (S.D. Cal. Nov. 15, 2022). *See also Tully v. Wal-Mart Stores E., LP*, No. 4:20-cv-00190-RJS-CDL, 2022 WL 23034107, at *2 (N.D. Okla. Jan. 7, 2022) (surreply not appropriate where it "essentially provides additional and longer arguments, which . . . could have been submitted in [the] first response" (quoting *Hall v. Whitacre*, No. 06-1240-JTM, 2007 WL 1585960, at *1 (D. Kan. May 31, 2007)) (alteration in original)).

## CONCLUSION

For the foregoing reasons, the Nations respectfully request the Court deny Defendants' Motion.

Dated: February 18, 2026

Respectfully submitted,

By: */s/ Michael Burrage*
Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
E-mail: mburrage@whittenburragelaw.com

*Counsel for the Chickasaw Nation and Choctaw Nation of Oklahoma*

4898-9046-7728, v. 3

/s/ *Frank S. Holleman*
Frank S. Holleman, DC Bar No. 1011376
Douglas B. L. Endreson, DC Bar No. 461999, *pro hac vice*
Anne DeLong, DC Bar No. 90031783, *pro hac vice*
SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP
1425 K St NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail:  fholleman@sonosky.com
         dendreso@sonosky.com
         adelong@sonosky.com

*Counsel for the Cherokee, Chickasaw, and Choctaw Nations*

Chad Harsha, OBA No. 31579
Attorney General
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail: chad-harsha@cherokee.org

*Counsel for the Cherokee Nation*

Stephen H. Greetham, OBA No. 21510, *pro hac vice*
GREETHAM LAW, P.L.L.C.
621 Greenwood Road
Chapel Hill, NC 27514-5921
Tel: 984-261-7240
E-mail:  sgreetham@greethamlaw.net

*Counsel for the Cherokee and Chickasaw Nations*

*Additional Counsel on Following Page*

4898-9046-7728, v. 3

    Kaycie Sheppard, OBA No. 21356, *pro hac vice*
    *Chief Executive Counsel*
    THE CHICKASAW NATION
    OFFICE OF EXECUTIVE COUNSEL
    2021 Arlington St.
    Ada, OK 74820
    Tel: 580-310-7925
    E-mail: kaycie.sheppard@chickasaw.net

    *Counsel for the Chickasaw Nation*

    Brian Danker, OBA No. 16638
    Senior Executive Officer
    DIVISION OF LEGAL & COMPLIANCE
    CHOCTAW NATION OF OKLAHOMA
    1802 Chukka Hina Dr.
    Durant, OK 74701
    Tel: 580-642-7423
    E-mail: bdanker@choctawnation.com

    *Counsel for the Choctaw Nation of Oklahoma*

4898-9046-7728, v. 3

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I electronically filed the above and foregoing documents with the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman

4898-9046-7728, v. 3