**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE CHEROKEE NATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:25-cv-00630-CVE-JFJ |
| | ) | |
| WADE FREE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of June 11, 2026, Dkt. No. 92 at 20, and Minute Order of June 20, 2026, Dkt. No. 95, the Parties submit the following updated joint status report setting forth a proposed schedule for final resolution of plaintiff's claims in this case:

1.      In this case, Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Plaintiffs" or "Nations"), seek declaratory and injunctive relief alleging interference with their Treaty rights to hunt, fish, and gather on their Reservations and to permit each Plaintiff Nation's members to hunt, fish, and gather on the other Plaintiff Nations' Reservations under the Five Tribes Wildlife Management Reciprocity Agreement ("Reciprocity Agreement") free from any regulation by Defendants. Defendants Wade Free, Director of the Oklahoma Department of Wildlife Conservation ("ODWC"), Nels Rodefeld, Assistant Director of ODWC, Nathan Erdman, Chief of Law Enforcement Division for ODWC, J. Kevin Stitt, Governor of Oklahoma, and Russell Cochran, special counsel employed by Defendant Stitt, each of whom is sued in his official capacity (collectively, "Defendants"), contend that, while the State does not enforce its wildlife laws and regulations against tribal citizens hunting and fishing solely on tribal trust lands, the State's enforcement of non-discriminatory hunting and fishing laws and regulations against tribal

citizens on fee lands in the interest of conservation and public safety is a valid exercise of the State's police power, is not preempted by operation of federal law, and does not unlawfully infringe upon tribal self-government.  Consideration of the merits of this case is appropriate now as this Court has denied Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, *see* Opinion and Order, ECF No. 92, and the Defendants have answered the Complaint.  *See* Defendants' Answer, Dkt. No. 93.

2.    The Parties propose that final resolution of Plaintiffs' claims in this case be sought by motions for summary judgment pursuant to Fed. R. Civ. P. 56 and LCvR56. pursuant to the following schedule:  (a) Plaintiffs shall file any motion for summary judgment and Defendants shall file any cross-motions for summary judgment, not to exceed 50 pages in length absent leave of Court, by November 16, 2026; (b) Plaintiffs and Defendants shall file their consolidated response to any motion(s) for summary judgment filed against them, not to exceed 50 pages in length absent leave of Court, by December 31, 2026; and (c) Plaintiffs and Defendants shall file their reply in support of their motions for summary judgment, not to exceed 25 pages in length absent leave of Court, by January 21, 2027.  In the event this case is not fully resolved on summary judgment, the Parties propose to submit a second updated joint status report setting out a proposed schedule for the resolution of such issues as may remain to be decided, informed by the Court's ruling on summary judgment, *see* Fed. R. Civ. P. 56(g), within thirty days after the Court's order resolving the motion or motions.

3.    Plaintiffs' motion for a preliminary injunction, *see* Dkt. No. 3, remains pending before the Court and has been fully briefed, *see* Dkt. Nos. 3-1, 46, 67.  While the Parties' last joint status report stated that they did not object to consolidation of the proceedings on Plaintiffs' motion for a preliminary injunction with proceedings for a permanent injunction, or to the Court treating

2

the pending motion for a preliminary injunction as one for a permanent injunction, *see* Dkt. No. 87, at 1, the Parties were not able to agree on stipulations that would apply to such proceedings, *see id.*, which have not been consolidated.  In the event Defendants initiate new prosecutions against Indians hunting, fishing, and gathering on the Nations' Reservations for alleged violations of state law or threaten the initiation of such prosecutions,[1] Plaintiffs reserve the right to renew their motion based on the new or threatened prosecutions and to seek to have this Court set a hearing to decide that motion.

Dated:  July 20, 2026                                        Respectfully submitted,

---

[1] The Oklahoma Attorney General's opinion in *In re Kannady*, 2025 OK AG 19, 2025 WL 3724128, *see* Dkt. No. No. 53-1, concludes that "federal law bars application of the Wildlife Code to Member Indians and Five Tribe Nonmember Indians hunting and fishing on the three Nations' reservations." *Kannady*, ¶ 4. "It does not apply to the question of state or tribal jurisdiction over (1) non-Indians; (2) Indians who are not members of the tribes party to the Five Tribes Wildlife Management Reciprocity Agreement; or (3) Indians hunting or fishing on state-owned property within Indian Country." *Id.* ¶ 10. Defendants' position is that State officials are bound by operation of State law to follow opinions of the Attorney General until judicially relieved of compliance by a court of competent jurisdiction, except as to constitutional issues, and out of an abundance of caution, Defendants have advised state game wardens of such obligation to follow the opinion here. The ODWC and Defendant Free contend that the opinion involves constitutional issues (*i.e.*, federal preemption) and should properly be characterized as advisory only under Oklahoma law and are presently seeking, in Oklahoma state district court, "[a] judicial declaration that Petitioners, and any other State officials or employees acting at their direction or under their authority, are relieved of any duty or obligation to comply with Attorney General Opinion 2025-19," and "[a] judicial declaration that Attorney General Opinion 2025-19 is contrary to Oklahoma law and that the State has jurisdiction to enforce the Oklahoma Wildlife Conservation Code, 29 O.S. §§ 1-101 et seq., and the ODWC Regulations, OKLA. ADMIN. CODE Title 800, including without limitation State licensure requirements, on all fee (non-trust) lands in Oklahoma." *See* Dkt. No. 92, Ex. 1, Pet. for Decl'y & Inj. Relief at 32, *Okla. Dep't of Wildlife Conservation v. Drummond*, No. CV-2026-1045 (Okla. Dist. Ct. filed Apr. 27, 2026). Defendants' position is that the state action exclusively involves questions of the Attorney General's authority under state law to bind State officials and does not directly relate to the merits of this action (*i.e.*, a determination of the federal law questions).

3

By:  */s/ Michael Burrage*
Michael Burrage, OBA # 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
E-mail:  mburrage@whittenburragelaw.com

*Counsel for the Chickasaw Nation and Choctaw
  Nation of Oklahoma*

*/s/ Frank S. Holleman*
Frank S. Holleman, DCB # 1011376
Douglas B. L. Endreson, DCB # 461999, *pro hac vice*
SONOSKY, CHAMBERS, SACHSE,
  ENDRESON & PERRY, LLP
1425 K St NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail:  fholleman@sonosky.com
             dendreso@sonosky.com

*Counsel for the Cherokee, Chickasaw, and Choctaw
  Nations*

Chad Harsha, OBA # 31579
Attorney General
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail:  chad-harsha@cherokee.org

*Counsel for the Cherokee Nation*

Stephen H. Greetham, OBA # 21510, *pro hac vice*
GREETHAM LAW, P.L.L.C.
621 Greenwood Road
Chapel Hill, NC 27514-5921
Tel: 984-261-7240
E-mail:  sgreetham@greethamlaw.net

*Counsel for the Cherokee and Chickasaw Nations*

4

Kaycie Sheppard, OBA # 21356, *pro hac vice*
Chief Executive Counsel
THE CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 Arlington St.
Ada, OK 74820
Tel: 580-310-7925
E-mail: kaycie.sheppard@chickasaw.net

*Counsel for the Chickasaw Nation*

Brian Danker, OBA # 16638
Senior Executive Officer
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 Chukka Hina Dr.
Durant, OK 74701
Tel: 580-642-7423
E-mail: bdanker@choctawnation.com

*Counsel for the Choctaw Nation of Oklahoma*

*/s/ Phillip G. Whaley*
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
Patrick R. Pearce, Jr., OBA #18802
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK 73104
Tel: 405-239-6040
E-mail:  pwhaley@ryanwhaley.com
          glucky@ryanwhaley.com
          rpearce@ryanwhaley.com

*Counsel for Defendants*
*Wade Free, in his official capacity as Director,*
  *Oklahoma Department of Wildlife Conservation*
*Nels Rodefeld, in his official capacity as Assistant*
  *Director, Oklahoma Department of Wildlife*
  *Conservation*
*Nathan Erdman, in his official capacity as Chief of*
  *Law Enforcement Division, Oklahoma*
  *Department of Wildlife Conservation*

5

*/s/ Remington D. Dean*

Remington D. Dean, OBA #35581
General Counsel
OFFICE OF GOVERNOR J. KEVIN STITT
200 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
Tel: 405-522-0425
E-mail: Remington.dean@gov.ok.gov

*Counsel for Defendants*
*J. Kevin Stitt, in his official capacity as Governor of*
  *the State of Oklahoma*
*Russell Cochran, in his official capacity as special*
  *prosecutor employed by the Governor*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2026, I electronically filed the above and foregoing documents with the Clerk of Court via the ECF System for filing.

*/s/ Phillip G. Whaley*
Phillip G. Whaley